IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                Case No. 1:23-cr-01351 KWR

JACQUELYN MOORE,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court regarding restitution. The Court held an evidentiary restitution hearing on August 12, 2025. The Court took the matter under advisement.

Defendant drove her car into the victim, pinning the victim against the wall of a building. As a result of Defendant's assault, the victim lost her leg and now uses a wheelchair. Defendant was convicted of assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 1153 and 113(a)(6) and sentenced to sixty months' imprisonment. The sentence was affirmed. *United States v. Moore*, No. 24-2161, 2025 WL 1805934, at *1 (10th Cir. July 1, 2025).

The Government requests approximately $19,500 in restitution to allow the victim to remodel her bathroom. Having considered the record and the arguments of the parties, the Court declines to award restitution.

### BACKGROUND

The Tenth Circuit summarized this case as follows:

On July 18, 2023, Jane Doe and others were standing outside the To'hajolliee Chapter House in Navajo Nation.

> Multiple individuals saw Ms. Moore driving a vehicle slowly toward the group. She revved her engine, picked up speed, and drove over a concrete barrier. The vehicle hit Ms. Doe and pinned her to a wall, causing the loss of her leg. By one account, Ms. Moore drove directly at the group.
>
> After hitting Ms. Doe, Ms. Moore exited the vehicle. Witnesses prevented her from fleeing, and she fell to the ground. Visibly intoxicated, she laughed and said, "I'm going to get all your people," which a witness perceived as a threat. Ms. Moore later told police she had consumed a pint of vodka, did not remember the incident, and may have blacked out from intoxication.

*United States v. Moore*, No. 24-2161, 2025 WL 1805934, at *1 (10th Cir. July 1, 2025).

Defendant pled guilty to one count of assault resulting in serious bodily injury in Indian country in violation of 18 U.S.C. §§ 1153 and 113(a)(6). Defendant was sentenced to 60 months' imprisonment. *United States v. Moore*, No. 24-2161, 2025 WL 1805934, at *1 (10th Cir. July 1, 2025).

The PSR provided that the Mandatory Victim Restitution act applies here. PSR, Doc. 51 at ¶ 15. At sentencing, the Court held restitution open. Sent. Tr., Doc. 75 at 58:20-59:1. The Court held a restitution hearing on August 12, 2025. Doc. 90.

As a result of Defendant's assault, the victim's left leg was severed, and her right leg broken. PSR, Doc. 51 at ¶ 16. A metal plate was installed in her right leg. *Id.* She asserts she is now dependent on her family to assist in her daily activities that she could previously perform. *Id.* She made changes to her home to make it handicap accessible. *Id.*

In victim impact statements at sentencing, the victim's family spoke about her limitations as a result of the incident. She has difficulty navigating or using the bathroom in her house. Sent. Tr., Doc. 75 at 13:14-22. Her husband drives her to appointments and work, and her husband sleeps in a recliner next to her bed to help her at night. *Id.* at 13:11-15. Without an ADA compliant bathroom, she needs the help of family members to use the bathroom. *Id.* at 13:14 to 14:7. She has to "squeeze into" her bathroom and through hallways. *Id.* at 14:18-20.

**DISCUSSION**

At the restitution hearing Defendant argued that the Government failed to show by a preponderance of the evidence that the $19,500 bathroom remodel constituted necessary medical services or devices.

The Government presented approximately ten minutes of testimony on direct examination at the hearing. The Government only presented the (1) testimony of a probation officer and (2) the Costco remodel estimate.[1] The probation officer testified and discussed the estimate produced through Costco. The probation officer also testified in a conclusory manner that the remodel was medically necessary. However, the probation officer testified that she was not able to say that all of the features or fixtures in the estimate are medically necessary.

As explained below, the Court concludes that the Government has not shown by a preponderance of the evidence that the $19,500 bathroom remodel, or what portion thereof, constitutes necessary medical services or devices. Restitution has been pending for a year, and the Government had a full opportunity to present its case at an evidentiary hearing. Therefore, the Court declines to award restitution. *See, e.g., United States v. Ferdman*, 779 F.3d 1129, 1133 (10th Cir. 2015) ("Where a district court concludes the record contains insufficient information to permit a timely calculation of a victim's actual loss, the MVRA provides the court with three non-mutually exclusive options: (1) ask the Government to submit additional evidence, (2) hold an evidentiary hearing, or (3) decline to order restitution.").

**I.    The VWPA statutory restitution scheme applies here.**

The Court must first clarify the statutory scheme applicable to this restitution issue. The parties appear to agree that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A (the

---

[1] The remodel estimate was admitted as Government Exhibit 1. *See* Minutes, Doc. 90 at 1.

"MVRA") applies here. The Government and the PSR cited to the MVRA. *See* PSR, Doc. 51 at ¶ 15 (providing that the MVRA applies here); Doc. 80 (Government citing the MVRA). At the August 12, 2025 restitution hearing, Defendant cited to the MVRA statutory provision in closing argument.

However, the MVRA, as relevant here, applies to crimes of violence. 18 U.S.C. § 3663A(c)(1). Pursuant to *Borden*, a crime of violence does not include offenses with a mens rea of recklessness. *Borden v. United States*, 593 U.S. 420 (2021). Because the crime of assault resulting in serious bodily injury pursuant to 18 U.S.C. § 113(a)(6) may be committed with a mens rea of recklessness, the MVRA does not apply here. *United States v. Benally*, 19 F.4th 1250, 1257–58 (10th Cir. 2021).

In *Benally*, the Tenth Circuit explained that the MVRA does not apply to the precise offense at issue here – assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6):

> In *Borden*, the Supreme Court held that a criminal offense with a *mens rea* of recklessness does not qualify as a "violent felony" for purposes of the Armed Career Criminals Act (ACCA). 141 S. Ct. at 1822. The ACCA defines "violent felony" to include, in relevant part, "several specific crimes (for example, burglary and arson)," as well as any offense that " 'has as an element the use, attempted use, or threatened use of physical force against the person of another.' " *Id*. (quoting 18 U.S.C. § 924(e)(2)(B)(i)).
>
> Similar to the ACCA, the federal criminal code's definition of "crime of violence" includes, in relevant part, "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a). Because the MVRA incorporates the federal criminal code's definition of "crime of violence," *see* 18 U.S.C. § 3663A(c)(1), the Supreme Court's decision in *Borden* effectively means that the MVRA does not apply to any criminal offense that has a *mens rea* of recklessness. And because we have held that the offense of assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6), can be committed with a *mens rea* of recklessness, *see Mann*, 899 F.3d at 904, that means that offense does not fall within the scope of the MVRA. In other words, the offense of assault resulting in bodily injury is not an offense that triggers application of the MVRA.

*Benally*, 19 F.4th at 1257–58; *see also United States v. Devereaux,* 91 F.4th 1361, 1362–63 (10th Cir. 2024) (concluding that assault resulting in serious bodily injury under § 113(a)(6) can be committed recklessly and therefore is not a crime of violence pursuant to *Borden*). The Court is bound by *Benally*, and therefore must conclude that the MVRA does not apply to the offense in this case, assault resulting in serious bodily injury in violation of 18 U.S.C. § 113(a)(6).

Nevertheless, the Court "may" order restitution under the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663. *Benally*, 19 F.4th at 1257–58 (noting court had discretionary authority under VWPA for the same offense of conviction as here). The Court will therefore proceed under the VWPA, but the result here is the same under either the MVRA or the VWPA.

## II.     The Government has not carried its burden by a preponderance of the evidence.

Defendant asserts that the Government has not shown by a preponderance of the evidence that the $19,500 bathroom remodel constitutes necessary medical and related professional services and devices relating to physical, psychiatric, and psychological care. As explained below, the Court concludes that the Government has failed to carry its burden by a preponderance of the evidence. It did not provide sufficient evidence (1) that the remodel constituted necessary medical services or devices, or (2) that the requested amount for the remodel was necessary for medical services or devices.

A district court may order restitution "only for losses actually resulting from the offense of conviction." *United States v. Coulter*, 133 F.4th 1083, 1090 (10th Cir. 2025). The Government must establish that a defendant's conduct directly and proximately caused the losses. *United States v. Anthony*, 22 F.4th 943, 950 (10th Cir. 2022). The Government must prove the loss and the amount by a preponderance. 18 U.S.C. § 3664(e). But a court need not calculate the harm with exact precision. *Anthony*, 22 F.4th at 950.

Under the MVRA, restitution is mandatory if a defendant is convicted of a crime of violence. 18 U.S.C. § 3663A(c)(1)(A)(i). The MVRA obligates a court to award restitution for the following categories of losses, as relevant here:

> The order of restitution *shall* require that such defendant—
> …
> (2) in the case of an offense resulting in bodily injury to a victim—
>
> (A) pay an amount equal to the cost *of necessary medical and related professional services and devices relating to physical*, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;
>
> (B) pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation…

18 U.S.C. § 3663A(b) (emphasis added). However, the "MVRA does not provide incidental, consequential, or pain and suffering awards." *United States v. Serawop*, 505 F.3d 1112, 1124 (10th Cir. 2007); *United States v. Barton,* 366 F.3d 1160, 1167 (10th Cir. 2004) (noting "there is general agreement that a restitution order under the MVRA cannot encompass consequential damages resulting from the defendant's conduct" and collecting cases).

Under the VWPA, the Court has discretionary authority to order restitution, as opposed to a mandatory responsibility under the MVRA. "Congress enacted the Victim and Witness Protection Act (VWPA), 18 U.S.C. § 3663, which authorized district courts, within their discretion, to order restitution to victims of criminal conduct. *Id.* § 3663(a)(1)(A). The VWPA requires courts to consider the economic circumstances of the defendant prior to ordering restitution. *See* 18 U.S.C. § 3663(a)(1)(B)." *Serawop*, 505 F.3d at 1117 (noting that restitution under VWPA is discretionary, as opposed to mandatory under MVRA). The VWPA provides that a court "may order… that the defendant make restitution to any victim of such offense." 18 U.S.C. § 3663(a)(1)(A). The Court, in determining whether to order restitution under this section, "shall

consider… the amount of the loss sustained by each victim as a result of the offense." § 3663(a)(1)(B)(i). Moreover,

> (b) The order may require that such defendant--
> …
> (2) in the case of an offense resulting in bodily injury to a victim including an offense under chapter 109A or chapter 110--
> (A) *pay an amount equal to the cost of necessary medical and related professional services and devices* relating to physical, psychiatric, and psychological care, including nonmedical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;
> (B) pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and
> (C) reimburse the victim for income lost by such victim as a result of such offense;

18 U.S.C. § 3663(b)(2) (emphasis added). However, aside from provisions not relevant here, "[t]he provisions of the VWPA and the MVRA are nearly identical in authorizing an award of restitution." *United States v. Randle,* 324 F.3d 550, 555–56 & nn. 2–3 (7th Cir.2003), *quoted in United States v. Serawop*, 505 F.3d 1112, 1117 (10th Cir. 2007). Because the relevant language is similar, the Court may look to VWPA cases or MVRA cases. *See, e.g., United States v. Wilfong*, 551 F.3d 1182, 1185 & n.3 (10th Cir. 2008) (applying VWPA cases in MVRA case because acts contained identical relevant language), *cited in United States v. Johnson*, 125 F.4th 1352, 1358 n.4 (10th Cir. 2025).

Under either the VWPA or the MVRA, the Government has the burden to prove the proper amount of restitution by the preponderance of the evidence. 18 U.S.C. § 3664(e).

Here, the Court concludes that the Government has not shown by a preponderance of the evidence that the $19,500 bathroom remodel constitutes "necessary medical and related professional services and devices." § 3663(b)(2)(A); § 3663A(b)(2). At the restitution hearing, the Government only presented the testimony of the probation officer. The probation officer's

7

brief testimony focused largely on the remodel estimate. The Government's witness gave a conclusory statement that the bathroom remodel was a necessary medical service or device, but there was nothing in the testimony or the evidence explaining or establishing that the remodel was in fact medically necessary. There was no testimony or evidence presented at the restitution hearing regarding what is a medically necessary service or device in the victim's situation. Moreover, the probation officer, the sole witness, testified that she was unable to determine whether all features or fixtures in the estimate were medically necessary. Although the estimate includes some items which may or may not be necessary, such as an accessible shower and grab bars, it is not clear that everything in the estimate is medically necessary. Moreover, the estimate does not provide an amount attributed to what may be medically necessary items, such as an accessible shower or grab bars. Therefore, the Court is unable to parse what portion of the $19,500 bathroom remodel is for necessary medical and related services and devices.

The Government has therefore not satisfied its burden by a preponderance of the evidence, and an award of restitution for $19,500 would be speculative or not based in evidence. A district court "may resolve restitution uncertainties with a view towards achieving fairness to the victim so long as it still makes a reasonable determination of appropriate restitution *rooted in a calculation of actual loss.*" *United States v. Gallant,* 537 F.3d 1202, 1252 (10th Cir.2008) (emphasis added). "True, the MVRA does not require a court to calculate a victim's actual loss with 'exact' precision." *United States v. Ferdman*, 779 F.3d 1129, 1133 (10th Cir. 2015) (citing *United States v. Parker,* 553 F.3d 1309, 1323 (10th Cir. 2009)). "Considered in its entirety, however, the MVRA undoubtedly require[s] *some* precision when calculating restitution. Speculation and rough justice are not permitted." *Ferdman,* 779 F.3d at 1133 (internal quotation marks and citation omitted). "Where a district court concludes the record contains insufficient

information to permit a timely calculation of a victim's actual loss, the MVRA provides the court with three non-mutually exclusive options: (1) ask the Government to submit additional evidence, (2) hold an evidentiary hearing, or (3) decline to order restitution." *Ferdman*, 779 F.3d at 1133, *citing* 18 U.S.C. §§ 3663A(c)(3)(B), 3664(d)(4), (d)(6). "Issuing an order of restitution unsupported by the evidence is not an option." *Ferdman*, 779 F.3d at 1133 (citing *United States v. Fair,* 699 F.3d 508, 516 (D.C. Cir. 2012)).

Moreover, the purpose of restitution "is not to punish defendants or to provide a windfall for crime victims but rather to ensure that victims, to the greatest extent possible, are made whole for their losses." *United States v. Hudson,* 483 F.3d 707, 710 (10th Cir. 2007). "Consequently, a district court that order[s] restitution in an amount greater than the total loss caused by the offense thereby exceed[s] its statutory jurisdiction and impose[s] an illegal sentence." *United States v. Serawop*, 505 F.3d 1112, 1124 (10th Cir. 2007) (internal quotation marks omitted) (alterations in original).

Here, any amount of monetary award would be merely speculative and would not be based on evidence presented at the restitution hearing. Issuing a restitution order of $19,500 would not be supported by the evidence as a necessary medical service or device as it would be in an amount greater than the total loss caused by the offense. *Serawop*, 505 F.3d at 1124. Moreover, the Court was not provided with evidence to award a lesser amount, and any award of a lesser amount would be speculative and not based on evidence.

The Government had a full opportunity to present any evidence in its possession in support of restitution at the restitution hearing. Therefore, the Court finds it appropriate to deny restitution and not give the Government another bite at the apple. *See, e.g., United States v. Ferdman*, 779 F.3d 1129, 1133 (10th Cir. 2015) ("Where a district court concludes the record contains

9

insufficient information to permit a timely calculation of a victim's actual loss, the MVRA provides the court with three non-mutually exclusive options: (1) ask the Government to submit additional evidence, (2) hold an evidentiary hearing, or (3) decline to order restitution.").

Therefore, under either the MVRA or VWPA, the Court declines to award restitution.[2]

**IT IS THEREFORE ORDERED** that the Government's request for restitution for a $19,500 bathroom remodel is **DENIED**.

```
                        /S/
              _____
              KEA W. RIGGS
              UNITED STATES DISTRICT JUDGE
```

---

[2] The VWPA requires that the Court also must consider the Defendant's ability to pay. *United States v. Olson*, 104 F.3d 1234, 1237–38 (10th Cir. 1997). Thus, "[a] restitution order will be upheld if the evidence indicates a defendant has *some assets or earning potential* and thus possibly may be able to pay the amount ordered." *United States v. Rogat,* 924 F.2d 983, 985 (10th Cir. 1991) (emphasis added). Moreover, the burden is on the defendant to prove that she lacks the ability to pay full restitution. 18 U.S.C. § 3664(d). Here, the record reflects that the Defendant lacks *current* assets or income. PSR, Doc. 51 at ¶¶ 67, 68. However, the PSR provides that Defendant has the capacity to work, and Defendant has not carried her burden of demonstrating she lacks earning potential. *Id.* at ¶ 65.